# EXHIBIT

## A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **DAVID OWEN AND CAROL OWEN** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **VS.** | § | **JURY DEMANDED** |
| | § | |
| | § | |
| **ALLSTATE TEXAS LLOYDS AND** | § | **NOTICE OF REMOVAL OF ACTION** |
| **ELIJAH K. GREEN** | § | **UNDER 28 U.S.C.§ 1441(a)** |

## INDEX OF DOCUMENTS

| EXHIBIT | DESCRIPTION |
|:---:|---|
| 1 | Case Summary in the state court action |
| 2 | Plaintiff's Original Petition filed on April 29, 2024 *(filed in Ft. Bend County)* |
| 3 | Request for Citations filed on April 29, 2024 *(filed in Ft. Bend County)* |
| 4 | Issued Citations filed on May 1, 2024 *(filed in Ft. Bend County)* |
| 5 | Plaintiff's Motion to Transfer Venue filed on May 2, 2024 *(filed in Ft. Bend County)* |
| 6. | Notice of Hearing filed on May 8, 2024 *(filed in Ft. Bend County)* |
| 7. | Order Granting Motion to Transfer Venue filed on June 5, 2024 *(filed in Ft. Bend County)* |
| 8. | Ft. Bend Bill of Cost re Transfer filed on June 7, 2024 *(filed in Ft. Bend County)* |
| 9. | Transfer Certificate to HARRIS County filed on June 7, 2024 |
| 10. | Request for Citations filed on June 10, 2024 |
| 11. | Returned Citation – Allstate filed on June 20, 2024 |
| 12. | Allstate's Original Answer to Plaintiff's Petition filed on July 1, 2024 |
| 13. | Docket Control Order Filed on July 2, 2024 |
| 14. | Returned Citation – Green filed on July 3, 2024 |
| 15. | Election of Responsibility served on July 9, 2024 |

# EXHIBIT

# 1



## 202436191 - OWEN, DAVID vs. ALLSTATE TEXAS LLOYDS (Court 190)

**Print All**  *(non-financial)*
**Chronological History**

| Summary |
|---|

| Appeals |
|---|

| Cost Statements |
|---|

| Transfers |
|---|

| Post Trial Writs |
|---|

| Abstracts |
|---|

| Parties |
|---|

| Court Costs |
|---|

| Judgments/Events |
|---|

| Settings |
|---|

| Services/Notices |
|---|

| Court Registry |
|---|

| Child Support |
|---|

| Images |
|---|

\* Note: Not every case file in our library of records is available in electronic format. (A document may be filed in a case that is not viewable electronically.) Only **non-confidential** civil/criminal documents are available to the public. If a document in a case you are looking for is not available, please **click here** to notify Customer Service.

**You may print and save uncertified copies of documents from the preview window.**

**Purchase Order**
🛒 ( 0 documents )
**Print List** 🖨

If you are not a litigant in this case, you may visit our Customer Service departments to obtain copies of documents. Confidential or Sealed documents may not be dispensed to public customers.

If you are a litigant that is a party of this case and would like access to the restricted documents, please click **here**.

| Image No. | Type | Title | [Reset Sort] | Post Jdgm | Date | Pages | Add Entire Case 🛒 |
|---|---|---|---|---|---|---|---|
| 📄 115252718 | Filing | Citation | | | 07/03/2024 | 3 | Add to Basket 🛒 |
| 📄 115230865 | Filing | DOCKET CONTROL ORDER | | | 07/02/2024 | 3 | Add to Basket 🛒 |
| 📄 115195322 | Filing | DEFENDANT'S ORIGINAL ANSWER | | | 07/01/2024 | 6 | Add to Basket 🛒 |
| 📄 115001395 | Filing | Citation | | | 06/20/2024 | 3 | Add to Basket 🛒 |
| 📄 114842693 | Filing | Request for Issuance of Service | | | 06/10/2024 | 2 | Add to Basket 🛒 |
| 📄 114842694 | Filing | Request for Issuance of Service | | | 06/10/2024 | 2 | Add to Basket 🛒 |
| 📄 114805417 | Filing | Transfer Certificate | | | 06/07/2024 | 2 | Add to Basket 🛒 |
| Sensitive Data Download Only 🔽 | Filing | 2024.04.29 Plaintiffs Original Petition | | | 06/07/2024 | 20 | Add to Basket 🛒 |
| Sensitive Data Download Only 🔽 | Filing | 2024.04.29 Request for Process | | | 06/07/2024 | 3 | Add to Basket 🛒 |
| Sensitive Data Download Only 🔽 | Filing | 2024.05.02 Motion to Transfer Venue | | | 06/07/2024 | 4 | Add to Basket 🛒 |

| Image No. | Type | Title | [Reset Sort] | Post Jdgm | Date | Pages | Add Entire Case 🛒 |
|---|---|---|---|---|---|---|---|
| Sensitive Data Download Only ⊕ | Filing | 2024.05.08 Notice of Hearing | | | 06/07/2024 | 3 | Add to Basket 🛒 |
| Sensitive Data Download Only ⊕ | Filing | 2024.06.05 Signed Order Motion to Transfer Venue | | | 06/07/2024 | 2 | Add to Basket 🛒 |
| Sensitive Data Download Only ⊕ | Filing | Citation - Petition and or Pleading | | | 06/07/2024 | 4 | Add to Basket 🛒 |
| Sensitive Data Download Only ⊕ | Filing | Citation - Petition and or Pleading | | | 06/07/2024 | 4 | Add to Basket 🛒 |
| Sensitive Data Download Only ⊕ | Filing | Transfer Out Cost Bill | | | 06/07/2024 | 2 | Add to Basket 🛒 |

# REGISTER OF ACTIONS

## CASE NO. 24-DCV-315702

| David Owen and Carol Owen V. Allstate Texas Lloyds and Elijah K. Green | §<br>§<br>§<br>§<br>§<br>§ | Case Type:<br>Date Filed:<br>Location:<br>Other: | Contract -<br>Consumer/Commercial/Debt<br>04/29/2024<br>458th District Court<br>202436191 |
|---|---|---|---|

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant or Respondent | Allstate Texas Lloyds<br>Dallas, TX 75201 | |
| Defendant or Respondent | Green, Elijah K.<br>Fort Worth, TX 76112 | |
| Plaintiff or Petitioner | Owen, Carol | Amanda J. Fulton<br>*Retained*<br>832-415-1432(W)<br><br>Chad T Wilson<br>*Retained*<br>832-415-1432(W) |
| Plaintiff or Petitioner | Owen, David | Amanda J. Fulton<br>*Retained*<br>832-415-1432(W)<br><br>Chad T Wilson<br>*Retained*<br>832-415-1432(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 04/29/2024 | Petition    Index # 1 | |
| | *Plaintiffs' Original Petition* | |
| 04/29/2024 | Request    Index # 2 | |
| | *Request for Process* | |
| 05/01/2024 | Issuance    Index # 3 | |
| | *Citation Issued to Allstate Texas Lloyds* | |
| 05/01/2024 | Citation | |
| | eService | |
| | Allstate Texas Lloyds | Unserved |
| 05/01/2024 | Issuance    Index # 4 | |
| | *Citation Issued to Elijah K. Green* | |
| 05/01/2024 | Citation | |
| | eService | |
| | Green, Elijah K. | Unserved |
| 05/02/2024 | Motion to Transfer/Change of Venue - Civil    Index # 5 | |
| | *Motion to Transfer Venue* | |
| 05/08/2024 | Notice    Index # 6 | |
| | *Notice of Hearing* | |
| 06/05/2024 | M/Transfer Venue  (10:00 AM) (Judicial Officer Patel, Stuti) | |
| 06/06/2024 | Transfer Out    Index # 7 | |
| | *Order on Motion to Transfer* | |
| 06/07/2024 | Certificate    Index # 8 | |
| | *Transfer Certificate* | |
| 06/07/2024 | Bill of Cost - Other | |
| | *Transfer Out Cost Bill* | |
| 07/03/2024 | Notice - Electronic Delivery of Order/Judgment    Index # 9 | |
| | *Index 7 Sent to Parties* | |

---

### FINANCIAL INFORMATION

| | |
|---|---|
| **Plaintiff or Petitioner** Owen, David<br>Total Financial Assessment | 384.00 |

| | Total Payments and Credits | | | 384.00 |
| | **Balance Due as of 07/10/2024** | | | **0.00** |

| | | | | |
|---|---|---|---|---|
| 04/29/2024 | Transaction Assessment | | | 366.00 |
| 04/29/2024 | E-filing | Receipt # 2024-16417-DCLK | Owen, David | (229.00) |
| 04/29/2024 | State Credit | | | (137.00) |
| 06/06/2024 | Transaction Assessment | | | 18.00 |
| 06/24/2024 | Mail Payment | Receipt # 2024-24081-DCLK | Owen, David | (18.00) |

# EXHIBIT 2

Filed
4/29/2024 10:02 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Norma Sosa

24-DCV-315702

CAUSE NO. _____

| | | |
|---|---|---|
| DAVID OWEN | § | IN THE JUDICIAL COURT OF |
| and CAROL OWEN, | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| ALLSTATE TEXAS LLOYDS | § | Fort Bend County - 458th Judicial District Court |
| And ELIJAH K. GREEN | § | |
| *Defendants.* | § | _____ DISTRICT COURT |

---

## PLAINTIFFS' ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, David and Carol Owen, ("Plaintiffs"), and file **Plaintiffs' Original Petition,** complaining of Allstate Texas Lloyds ("Allstate"), and Elijah K. Green ("Green") (or "Defendants") and for cause of action, Plaintiffs respectfully show the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiffs intend to conduct discovery under Level 2, Texas Rules of Civil Procedure 190.3.

### PARTIES

2.  Plaintiffs, David and Carol Owen, reside in Fort Bend County, Texas.

3.  Defendant, Allstate Texas Lloyds, is a foreign insurance company, engaged in the business of insurance in the State of Texas.  Plaintiffs request service of citation upon Allstate, through its registered agent for service listed with the Texas Department of Insurance: **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever they may be found**.  Plaintiffs request service at this time.

4.  Defendant Elijah K. Green is an individual resident of Fort Worth, Texas. Elijah K. Green may be served with citation at the address listed with the Texas Department of Insurance: **1613 Homedale Drive, Apt. 1904, Fort Worth, Texas 76112, or wherever they may be**

**found**.  Plaintiffs request service at this time.

## JURISDICTION

5.    The Court has jurisdiction over Allstate because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Allstate's business activities in the state, including those in Fort Bend County, Texas, with reference to this specific case.

6.    The Court has jurisdiction over Green because this Defendant engages in the business of adjusting insurance Claims in the State of Texas, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Fort Bend County, Texas, with reference to this specific case.

## VENUE

7.    Venue is proper in Fort Bend County, Texas because the insured property is located in Fort Bend County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Fort Bend County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8.    Plaintiffs assert Claims for breach of contract, common law bad faith, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

9.    Plaintiffs owned an Allstate insurance policy, number 938 900 258 ("the Policy").  At all relevant times, Plaintiffs owned the insured premises located at 21422 Park Villa Drive, Katy, Texas 77450 ("the Property").

10.    Allstate or its agent sold the Policy, insuring the Property, to Plaintiffs.  Allstate represented to Plaintiffs that the Policy included wind and hailstorm coverage for damage to Plaintiffs'

property. Coverage for all perils began January 01, 2023 and ended January 01, 2024 ("Policy Period"). Allstate has refused the full extent of that coverage currently owed to Plaintiffs.

11.    The Property sustained extensive damage resulting from a severe storm that passed through the Fort Bend County, Texas area during the Policy Period.

12.    In the aftermath of the storm, Plaintiffs submitted a Claim to Allstate against the Policy for damage to the Property.  Allstate assigned Claim number 0714985546 (the "Claim") to Plaintiffs' Claim. The claim was assigned a date of loss of April 5, 2023 by Allstate.

13.    Plaintiffs asked Allstate to cover the cost of damage to the Property pursuant to the Policy.

14.    Allstate hired or assigned its agent, Elijah K. Green ("Green"), to inspect and adjust the claim. Green conducted an inspection on or about June 18, 2023. Green did not investigate the weather at or near Plaintiffs' property.  Green pulled no storm reports, no wind reports and no hail reports.  Green failed to provide any findings, conclusions or determinations related to weather to Plaintiffs.

15.    After failing to investigate, document and make final determination on storm activity during the policy period, Green represented to Plaintiffs that the amount of covered damages to the Property fell below the deductible. After application of depreciation and Plaintiffs' $2,721.00 deductible, Plaintiffs were left without adequate funds to make repairs on the entirety of the Claim, as Allstate indicate no payment would be forthcoming.

16.    Allstate, through its agent, Green, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

Plaintiffs' Original Petition                                                                                          3

17.    Allstate and Green have ultimately refused full coverage which includes, but is not limited
       to, replacement of the three-tab composite shingle roof, vents, flashings, gutters,
       downspouts and pergola.  Specifically, the third-party inspector hired to review the damage
       to the Property found additional damage that was completely absent from Green's estimate.
       Additionally, the integrity of the roof was compromised, allowing water to enter which
       caused water damage to the following areas of the interior: living room, and dining
       room/family room.

18.    The damage to Plaintiffs' Property is currently estimated at $41,113.11.

19.    Green had a vested interest in undervaluing the claims assigned to him by Allstate in order
       to maintain his employment. The disparity in the number of damaged items in his report
       compared to that of the third-party inspector's, as well as the difference in valuation, is
       evidence of unfair claims handling practices on the part of Green.

20.    Furthermore, Green was aware of Plaintiffs' $2,721.00 deductible prior to inspecting the
       Property.  Green had advanced knowledge of the damages he needed to document in order
       to be able to deny the Claim.

21.    Green misrepresented the actual amount of damage Plaintiffs' Property sustained in
       addition to how much it would cost to repair the damage. Green made these
       misrepresentations as a licensed Texas adjuster with the hope that Plaintiffs would rely on
       his expertise and accept the bad faith estimate as a true representation of the damages.

22.    After reviewing Plaintiffs' Policy, Green misrepresented that the damage was caused by
       non-covered perils. Green used his expertise to fabricate plausible explanations for why
       visible damage to Plaintiffs' Property would not be covered under the policy.

---

23.    As stated above, Allstate and Green improperly and unreasonably adjusted Plaintiffs'
Claim. Without limitation, Allstate and Green misrepresented the cause of, scope of, and
cost to repair damages to Plaintiffs' Property, as well as the amount of insurance coverage
for Plaintiffs' Claim or loss under the Policy.

24.    Allstate and Green made these and other false representations to Plaintiffs, either
knowingly or recklessly, as a positive assertion, without knowledge of the truth.  Allstate
and Green made these false representations with the intent that Plaintiffs act in accordance
with the misrepresentations regarding the grossly deficient damage and repair estimates
prepared by Green.

25.    Plaintiffs relied on Allstate and Green's misrepresentations, including but not limited to
those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiffs'
Property. Plaintiffs' damages are the result of Plaintiffs' reliance on these
misrepresentations.

26.    Upon receipt of the inspection and estimate reports from Green, Allstate failed to assess
the Claim thoroughly.  Based upon Green's grossly unreasonable, intentional, and reckless
failure to investigate the Claim properly prior to underpaying coverage, Allstate failed to
provide coverage due under the Policy, and Plaintiffs suffered damages.

27.    Because Allstate and Green failed to provide coverage for the Claim, Plaintiffs have been
unable to complete any substantive repairs to the Property.  This has caused additional
damage to Plaintiffs' Property.

28.    Furthermore, Allstate and Green failed to perform their contractual duties to Plaintiffs
under the terms of the Policy.  Specifically, Green performed an unreasonable and

substandard inspection that allowed Allstate to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiffs.

29.   Allstate and Green's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code.  Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant Allstate and Plaintiffs.

30.   Allstate and Green's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).  Allstate and Green have failed to settle Plaintiffs' Claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Specifically, Allstate and Green have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements with the interests of Plaintiffs by failing to timely pay Plaintiffs coverage due under the Policy.

31.   Allstate and Green's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).  Allstate and Green failed to provide Plaintiffs a reasonable explanation for underpayment of the Claim.

32.   Additionally, after Allstate received statutory demand on or about December 4, 2023, Allstate has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' Claim properly.

33.     Allstate and Green's conduct constitutes a violation of the Texas Insurance Code, Unfair
        Settlement Practices.  TEX. INS. CODE §541.060(a)(4).  Green performed a biased and
        intentionally substandard inspection designed to allow Allstate to refuse to provide full
        coverage to Plaintiffs under the Policy.

34.     Specifically, Allstate and Green performed an outcome-oriented investigation of Plaintiffs'
        Claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses
        on the Property.

35.     Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of
        Claims.  TEX. INS. CODE §542.055.  Due to Green's subpar inspection, Allstate failed to
        reasonably accept or deny Plaintiffs' full and entire Claim within the statutorily mandated
        time after receiving all necessary information.

36.     Allstate and Green's conduct constitutes a violation of the Texas Insurance Code, Prompt
        Payment of Claims.   TEX. INS. CODE §542.056.   Due to Green's intentional
        undervaluation of Plaintiffs' Claims, Allstate failed to meet its obligations under the Texas
        Insurance Code regarding timely payment of the Claim.   Specifically, Green's
        understatement of the damage to the Property caused Allstate to delay full payment of
        Plaintiffs' Claim longer than allowed, and Plaintiffs have not received rightful payment for
        Plaintiffs' Claim.

37.     Allstate and Green's wrongful acts and omissions have forced Plaintiffs to retain the
        professional services of the attorneys and law firm representing them with respect to these
        causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT
## ALLSTATE TEXAS LLOYDS

38.     All paragraphs from the fact section of this petition are hereby incorporated into this section.

### BREACH OF CONTRACT

39.     Allstate is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing.  It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Allstate and Plaintiffs.

40.     Allstate's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

41.     All allegations above are incorporated herein.

42.     Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are actionable by TEX. INS. CODE §541.151.

43.     Allstate's unfair settlement practice of misrepresenting to Plaintiffs material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

44.     Allstate's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the Claim, even though Allstate's liability under the Policy

---

Plaintiffs' Original Petition                                                                                        8

was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

45.    Allstate's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the Claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

46.    Allstate's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiffs constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

47.    Allstate's unfair settlement practice of refusing to pay Plaintiffs' Claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

48.    All allegations above are incorporated herein.

49.    Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

50.    Allstate's failure to notify Plaintiffs in writing of its acceptance or rejection of the full Claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

51.     Allstate's delay in paying Plaintiffs' Claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the Claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

52.     All allegations above are incorporated herein.

53.     Allstate's conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to an insured in insurance contracts.

54.     Allstate's failure to adequately and reasonably investigate and evaluate Plaintiffs' Claim, although, at that time, Allstate knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

55.     All allegations above are incorporated herein.

56.     Allstate's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiffs are consumers of goods and services provided by Allstate pursuant to the DTPA.  Plaintiffs have met all conditions precedent to bringing this cause of action against Allstate.   Specifically, Allstate's violations of the DTPA include, without limitation, the following matters:

A.      By its acts, omissions, failures, and conduct, Allstate has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  Allstate's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' Claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3)

failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B.    Allstate represented to Plaintiffs that the Policy and Allstate's adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C.    Allstate also represented to Plaintiffs that the Policy and Allstate's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.    Furthermore, Allstate advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.    Allstate breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiffs to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.    Allstate's actions are unconscionable in that Allstate took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree.  Allstate's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

G.    Allstate's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

57.   Each of the above-described acts, omissions, and failures of Allstate is a producing cause of Plaintiffs' damages.   All the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## CAUSES OF ACTION AGAINST DEFENDANT
## ELIJAH K. GREEN

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

58.   All allegations above are incorporated herein.

59.   Green's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act.   TEX. INS. CODE §541.060(a).

60.   Green is individually liable for their unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Allstate, because Green is a "person," as defined by TEX. INS. CODE §541.002(2).

61.   Green knowingly underestimated the amount of damage to the Property.   As such, failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy.   TEX. INS. CODE §542.003(3).

62.   Furthermore, Green did not attempt in good faith to affect a fair, prompt, and equitable settlement of the claim.   TEX. INS. CODE §542.003(4).

63.   Green's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice.   TEX. INS. CODE §541.060(a)(3).

---

64.    Green's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

## DTPA VIOLATIONS

65.    All allegations above are incorporated herein.

66.    Green's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiffs are consumers of goods and services provided by pursuant to the DTPA.  Plaintiffs have met all conditions precedent to bringing this cause of action against Green. Specifically, Green's violations of the DTPA include the following matters:

A.    By this Defendant's acts, omissions, failures, and conduct, has violated sections 17.46(b)(2), (5), and (7) of the DTPA.  Green's violations include, (1) failure to give Plaintiffs the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiffs' Property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B.    Green represented to Plaintiffs that the Policy and <his/her/their> adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

---

Plaintiffs' Original Petition

C.      Green represented to Plaintiffs that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.      Green's actions are unconscionable in that Green took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree.   Green's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

E.      Green's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

67.    Each of Green's above-described acts, omissions, and failures is a producing cause of Plaintiffs' damages. All acts, omissions, and failures were committed "knowingly" and "intentionally" by Green, as defined by the Texas Deceptive Trade Practices Act.  TEX. BUS. & COM. CODE 17.45.

### KNOWLEDGE

68.    Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

### WAIVER AND ESTOPPEL

69.    Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

### DAMAGES

70.    Since the Claim was made, Allstate has not properly compensated Plaintiffs for all necessary repairs made, which are covered under the Policy.  This has caused undue hardship and burden to Plaintiffs.  These damages are a direct result of Defendants' mishandling of Plaintiffs' Claim in violation of the laws set forth above.

71.    Plaintiffs currently estimate that actual damages to the Property under the Policy are $41,113.11.

72.    Defendants made the above and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth.  Defendants made these false misrepresentations with the intent that Plaintiffs act in accordance with the misrepresentations.  Plaintiffs then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage.  Plaintiffs suffered damages as a result.

73.    Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained.  The acts, omissions, failures, and conduct of Defendants have caused Plaintiffs' damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiffs' Property, and any investigative and engineering fees incurred.

74.    For breach of contract, Plaintiffs are entitled to regain the benefit of Plaintiffs' bargain, which is the amount of Plaintiffs' Claim, consequential damages, together with attorney's fees.

75.    For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiffs ask for three (3) times Plaintiffs' actual damages.  TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

76.    For non-compliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' Claim, plus an eighteen percent (18%) per annum penalty on that Claim, as damages, as well as pre-judgment interest and reasonable attorney's fees.  TEX. INS. CODE §542.060.

77.    For breach of the common-law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Allstate owed, exemplary damages, and damages for emotional distress.

78.     Defendants' breach of the common-law duty of good faith and fair dealing was committed
        intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with
        "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies
        Code.  These violations are the type of conduct that the State of Texas protects its citizens
        against by the imposition of exemplary damages.  Therefore, Plaintiffs seek the recovery
        of exemplary damages in an amount determined by the finder of fact sufficient to punish
        Defendants for their wrongful conduct and to set an example to deter Defendants and others
        from committing similar acts in the future.

79.     For the prosecution and collection of the Claims, Plaintiffs have been compelled to engage
        the services of the attorneys subscribed to this pleading.  Therefore, under Chapter 38 of
        the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance
        Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the
        reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this
        action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

80.     As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states
        that the damages sought are in an amount within the jurisdictional limits of this Court.  As
        required by Rule 47(c)(1) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that
        Plaintiffs seek only monetary relief of $250,000.00 or less, excluding interest, statutory or
        punitive damages and penalties, and attorney fees and costs. A jury will ultimately determine
        the monetary relief actually awarded, however.  Plaintiffs also seek pre-judgment and post-
        judgment interest at the highest legal rate.

## REQUIRED DISCLOSURES

81.     Under Texas Rules of Civil Procedure 194, Defendants must disclose, within thirty (30) days of filing an answer or general appearance, the information or material described in Texas Rules of Civil Procedure 194.2(b).

## JURY DEMAND

82.     Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Fort Bend County, Texas.  Plaintiffs hereby tender the appropriate jury fee.

## PRAYER

Plaintiffs pray that Defendants, Allstate Texas Lloyds and Elijah K. Green, be cited and served to appear and that upon trial hereof, Plaintiffs, David and Carol Owen, recover from Defendants, Allstate and Green, such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and

further relief, at law or in equity, to which Plaintiffs, David and Carol Owen, may show they are justly entitled.

Respectfully submitted,

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Amanda J. Fulton
Bar No. 24077283
CHAD T. WILSON LAW FIRM, PLLC
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
afulton@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFFS

---

## Automated Certificate of eService
This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Paul Holroyd on behalf of Chad Wilson
Bar No. 24079587
pholroyd@cwilsonlaw.com
Envelope ID: 87147830
Filing Code Description: Petition
Filing Description: Plaintiffs' Original Petition
Status as of 4/29/2024 10:36 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Chad Wilson | | eservice@cwilsonlaw.com | 4/29/2024 10:02:20 AM | SENT |
| Amanda Fulton | | afulton@cwilsonlaw.com | 4/29/2024 10:02:20 AM | SENT |
| Paul Holroyd | | pholroyd@cwilsonlaw.com | 4/29/2024 10:02:20 AM | SENT |

# EXHIBIT

# 3

Filed
4/29/2024 10:02 AM
Beverley McGrew Walker
District Clerk
Fort Bend County, Texas
Norma Sosa

**2024-36191 / Court: 190**

# BEVERLEY MCGREW WALKER
## Fort Bend County District Clerk
## 301 Jackson Street, Room 101
## Richmond, TX 77469

Telephone: (281) 341-4509
Fax: (281) 341-4519

# REQUEST FOR PROCESS
**All sections must be completed for processing this request.**

**Section 1:**

Cause No. 24-DCV-315702                    Fort Bend County - 458th Judicial District Court

STYLE: Owen, David & Carol                 VS  Allstate Texas Lloyds, et al.

**Section 2:**

## Check Process Type:

- [x] Citation
- [ ] Precept to Serve / Notice of Hearing
- [ ] Citation by Posting
- [ ] Citation by Commissioner of Insurance
- [ ] Temporary Restraining Order
- [ ] Notice of Registration of Foreign Judgment
- [ ] Citation by Secretary of State
- [ ] Writ of _____
- [ ] Application for Protective Order / Temporary (Ex Parte) Protective Order
- [ ] Citation by Publication*:
  - [ ] **Daily**: Fort Bend Herald
  - [ ] **Once a Week**: Fort Bend Independent
  - [ ] **Other**: _____
  - * In Accordance with the Fort Bend County Term Contract for Newspaper Publication of Legal Notices
- [x] Other eService to: eservice@cwilsonlaw.com
- [ ] TCPRC 17.032 Citation by Publication *(Citation will be posted by the District Clerk's Office on the Office of Court Administration website)*

REQUEST FOR ISSUANCE OF SUBPOENA MUST BE SUBMITTED ON A
SUBPOENA APPLICATION FORM

**Section 3:**

**Title of Document/Pleading to be attached for service:** Plaintiffs Original Petition

_____

_____

**Section 4: PARTIES TO BE SERVED** (Please type or print):

1. Name: Allstate Texas Lloyds c/o CT Corporation System

   Address: 1999 Bryan Street, Suite 900

   City: Dallas                State: Texas                Zip: 75201

2. Name: Elijah K. Green

Address: 1613 Homedale Drive, Apt 1904

City: Fort Worth        State: Texas        Zip: 76112

3. Name: _____

Address: _____

City: _____ State: _____ Zip: _____

4. Name: _____

Address: _____

City: _____ State: _____ Zip: _____

**Section 5**

**Check Service Type –** Additional Fees Apply**:**

☐ Fort Bend County – Constable*        ☐ District Clerk Service**

☐ Fort Bend County – Sheriff*           ☐ Certified Mail

☐ Registered Mail (Out of Country)      ☐ Not Applicable – See Section 7

\* Fort Bend County Constable and Sheriff will <u>only</u> serve within their jurisdiction.
\*\* Fort Bend County District Clerk's Office will <u>only</u> conduct service on Citation by Publications posted on the Office of Court Administration website.

**Section 6 (<u>ONLY</u> if Section 7 does not apply)**

Please Note:  Our office will use the e-Service email address registered with the Texas State Bar.

**Attorney Name:** Chad T. Wison _____

Address: 455 E. Medical Center Blvd, Suite 555

| Webster | Texas | 77598 |
|---------|-------|-------|
| City | State | Zip |
|         | Street/P.O. Box | |

Telephone No. 832-415-1432   Bar No. 24079587

**Section 7 (<u>ONLY</u> if Section 6 does not apply)**

**Pro-Se Name:** _____

Address: _____
Street/P.O. Box

| | | |
|---|---|---|
| City | State | Zip |

Telephone No. _____ Email Address _____

**Pro-se Service Only:**

☐ e-Service*        ☐ Mail to Pro-se Party*        ☐ Hold for Pick up
*Service will be mailed/emailed directly to pro-se party requesting issuance.

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Paul Holroyd on behalf of Chad Wilson
Bar No. 24079587
pholroyd@cwilsonlaw.com
Envelope ID: 87147830
Filing Code Description: Petition
Filing Description: Plaintiffs' Original Petition
Status as of 4/29/2024 10:36 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Chad Wilson | | eservice@cwilsonlaw.com | 4/29/2024 10:02:20 AM | SENT |
| Amanda  Fulton | | afulton@cwilsonlaw.com | 4/29/2024 10:02:20 AM | SENT |
| Paul Holroyd | | pholroyd@cwilsonlaw.com | 4/29/2024 10:02:20 AM | SENT |

# EXHIBIT
# 4

SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK

**THE STATE OF TEXAS**

**CITATION**

TO:  **ALLSTATE TEXAS LLOYDS**
**C/O CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX 75201**

**NOTICE:**

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFFS' ORIGINAL PETITION** filed on **April 29, 2024,** a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

The case is presently pending before the **458TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **24-DCV-315702** and is styled:

**DAVID OWEN AND CAROL OWEN V. ALLSTATE TEXAS LLOYDS AND ELIJAH K. GREEN**

The name and address of the attorney for **PLAINTIFF(S)** is:

**CHAD T WILSON**
**CHAD T WILSON LAW FIRM PLLC**
**455 EAST MEDICAL CENTER BLVD SUITE 555**
**WEBSTER TX 77598**
**832-415-1432**

The nature of the demands of said **PLAINTIFF(S)** is shown by a true and correct copy of the **PLAINTIFFS' ORIGINAL PETITION** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 1st day of May, 2024.**

**BEVERLEY MCGREW WALKER, DISTRICT CLERK**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: _____
**Deputy District Clerk** SYLVIE LE
**Telephone:** (281) 341-3754

**24-DCV-315702**                                          **458th Judicial District Court**
**David Owen and Carol Owen V. Allstate Texas Lloyds and Elijah K. Green**

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20___, at _____ o'clock ____M.  Executed

at _____, within the County of _____

_____, at _____o'clock ____M. on the _____ day of _____,

20___, by delivering to the within named _____

_____, in person, a true copy of this citation together with the accompanying copy of the petition, having first

attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of

delivery.

Total fee for serving ____ citation at $80.00 each  $_____

_____

Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is
not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed
under penalty of perjury and contain the following statement:

"My name is _____,
(First, Middle, Last)

my date of birth is_____, and my address is _____
(Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____

day of _____.

_____

Declarant / Authorized Process Server

_____

(Id # & expiration of certification)

**ORIGINAL**

Citation issued to Allstate Texas Lloyds on 5/1/2024.

SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK

**THE STATE OF TEXAS**

**CITATION**

**TO:    ALLSTATE TEXAS LLOYDS**
**C/O CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX  75201**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFFS' ORIGINAL PETITION** filed on **April 29, 2024,** a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

The case is presently pending before the **458TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **24-DCV-315702**  and is styled:

**DAVID OWEN AND CAROL OWEN V. ALLSTATE TEXAS LLOYDS AND ELIJAH K. GREEN**

The name and address of the attorney for **PLAINTIFF(S)** is:

**CHAD T WILSON**
**CHAD T WILSON LAW FIRM PLLC**
**455 EAST MEDICAL CENTER BLVD SUITE 555**
**WEBSTER TX  77598**
**832-415-1432**

The nature of the demands of said **PLAINTIFF(S)** is shown by a true and correct copy of the **PLAINTIFFS' ORIGINAL PETITION** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 1st day of May, 2024.**

**BEVERLEY MCGREW WALKER, DISTRICT CLERK**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: _____
**Deputy District Clerk** SYLVIE LE
**Telephone:** (281) 341-3754

**SERVICE**

24-DCV-315702                                     458th Judicial District Court
David Owen and Carol Owen V. Allstate Texas Lloyds and Elijah K. Green

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20__, at _____ o'clock ___M.  Executed

at _____, within the County of _____

_____, at ____o'clock ___M. on the _____ day of _____,

20__, by delivering to the within named _____ _____ _____

_____, in person, a true copy of this citation together with the accompanying copy of the petition, having first

attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of

delivery.

Total fee for serving ___ citation at $80.00 each  $_____

_____

Name of Officer or Authorized Person

_____County, Texas

By:_____

Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**

In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,

(First, Middle, Last)

my date of birth is_____, and my address is _____ ___

(Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____

day of _____.

_____

Declarant / Authorized Process Server

_____

(Id # & expiration of certification)

## SERVICE

Citation issued to Allstate Texas Lloyds on 5/1/2024.

**THE STATE OF TEXAS**

SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK

**CITATION**

TO:   **ELIJAH K. GREEN**
      **1613 HOMEDALE DRIVE APT 1904**
      **FORT WORTH TX  76112**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFFS' ORIGINAL PETITION** filed on **April 29, 2024**, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

The case is presently pending before the **458TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **24-DCV-315702**  and is styled:

**DAVID OWEN AND CAROL OWEN V. ALLSTATE TEXAS LLOYDS AND ELIJAH K. GREEN**

The name and address of the attorney for **PLAINTIFF(S)** is:

**CHAD T WILSON**
**CHAD T WILSON LAW FIRM PLLC**
**455 EAST MEDICAL CENTER BLVD SUITE 555**
**WEBSTER TX  77598**
**832-415-1432**

The nature of the demands of said **PLAINTIFF(S)** is shown by a true and correct copy of the **PLAINTIFFS' ORIGINAL PETITION** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 1st day of May, 2024.**

**BEVERLEY MCGREW WALKER, DISTRICT CLERK**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: _____
**Deputy District Clerk** SYLVIE LE
**Telephone:** (281) 341-3754

**24-DCV-315702**                                    **458th Judicial District Court**
**David Owen and Carol Owen V. Allstate Texas Lloyds and Elijah K. Green**

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20___, at _____ o'clock ____M.  Executed

at _____, within the County of _____

_____, at _____o'clock ____M. on the _____ day of _____,

20___, by delivering to the within named _____

_____, in person, a true copy of this citation together with the accompanying copy of the petition, having first

attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of

delivery.

Total fee for serving ____ citation at $80.00 each  $_____

    _____
    Name of Officer or Authorized Person

    _____County, Texas

    By:_____
       Signature of Deputy or Authorized Person
*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is
not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed
under penalty of perjury and contain the following statement:

"My name is _____,
                      (First, Middle, Last)

my date of birth is_____, and my address is _____ ____
                                                                (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____

day of _____.

    _____
    Declarant / Authorized Process Server

    _____
    (Id # & expiration of certification)

**ORIGINAL**

Citation issued to Elijah K. Green on 5/1/2024.

SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK

**THE STATE OF TEXAS**

**CITATION**

TO:   **ELIJAH K. GREEN**
      **1613 HOMEDALE DRIVE APT 1904**
      **FORT WORTH TX  76112**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFFS' ORIGINAL PETITION** filed on **April 29, 2024,** a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

The case is presently pending before the **458TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **24-DCV-315702** and is styled:

**DAVID OWEN AND CAROL OWEN V. ALLSTATE TEXAS LLOYDS AND ELIJAH K. GREEN**

The name and address of the attorney for **PLAINTIFF(S)** is:

**CHAD T WILSON**
**CHAD T WILSON LAW FIRM PLLC**
**455 EAST MEDICAL CENTER BLVD SUITE 555**
**WEBSTER TX  77598**
**832-415-1432**

The nature of the demands of said **PLAINTIFF(S)** is shown by a true and correct copy of the **PLAINTIFFS' ORIGINAL PETITION** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 1st day of May, 2024.**

**BEVERLEY MCGREW WALKER, DISTRICT CLERK**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By:_____
       **Deputy District Clerk** SYLVIE LE
       **Telephone:** (281) 341-3754

**SERVICE**

24-DCV-315702                                    458th Judicial District Court
David Owen and Carol Owen V. Allstate Texas Lloyds and Elijah K. Green

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20__, at _____ o'clock ___M.  Executed

at _____, within the County of _____

_____, at ____o'clock ___M. on the _____ day of _____,

20__, by delivering to the within named _____ _____ _____

_____, in person, a true copy of this citation together with the accompanying copy of the petition, having first

attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of

delivery.

Total fee for serving ___ citation at $80.00 each  $_____

_____
Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,
(First, Middle, Last)

my date of birth is_____, and my address is _____ ___
(Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____

day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

## SERVICE

Citation issued to Elijah K. Green on 5/1/2024.

# EXHIBIT 5

Filed
5/2/2024 1:26 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Norma Sosa

# 2024-36191 / Court: 190

CAUSE NO. 24-DCV-315702

| | | |
|---|---|---|
| DAVID OWEN | § | IN THE JUDICIAL COURT OF |
| and CAROL OWEN, | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| ALLSTATE TEXAS LLOYDS | § | |
| And ELIJAH K. GREEN | § | |
| *Defendants.* | § | 458th DISTRICT COURT |

## MOTION TO TRANSFER VENUE

TO THE HONORABLE JUDGE OF SAID COURT:

David and Carol Owen file this *Motion to Transfer* and ask this Honorable Court to transfer this case to the proper venue of Harris County District Court.

1.  This is a first-party property insurance case involving Plaintiff's Property located at 21422 Park Villa Drive, Katy, Texas 77450, in Harris County. Plaintiff erroneously filed this action with the Fort Bend County District Clerk.

2.  Venue is proper under Texas Civil Practice and Remedies Code Sec. 15.002(a)(1) "in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred." Because Plaintiffs' claims arise from damage to Plaintiffs' Property in Harris County, venue is not proper in Fort Bend County, and is proper in Harris County.

3.  For this reason, Plaintiffs' request the Court grant Plaintiffs' Motion, and the clerk to transfer the case to the proper venue of the Harris County District Court, via the Harris County District Clerk.

Page 1

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, David and Carol Owen, pray that the Court transfer this case to the Harris County District Court.

Respectfully submitted,

By: /s/ *Amanda J. Fulton*

**CHAD T. WILSON**
Bar No. 24079587
**AMANDA J. FULTON**
Bar No. 24077283
**CHAD T. WILSON LAW FIRM PLLC**
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
afulton@cwilsonlaw.com

**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of *Plaintiff's Motion to Transfer Venue* has been forwarded to all attorneys or record via certified U.S. Mail, facsimile, hand delivery, or electronic service on this day of May 2, 2024

*/s/ Amanda J. Fulton*

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Paul Holroyd on behalf of Amanda Fulton
Bar No. 24077283
pholroyd@cwilsonlaw.com
Envelope ID: 87313928
Filing Code Description: Motion to Transfer
Filing Description: Motion to Transfer Venue
Status as of 5/2/2024 2:13 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Amanda  Fulton | | afulton@cwilsonlaw.com | 5/2/2024 1:26:26 PM | SENT |
| Chad Wilson | | eservice@cwilsonlaw.com | 5/2/2024 1:26:26 PM | SENT |
| Paul Holroyd | | pholroyd@cwilsonlaw.com | 5/2/2024 1:26:26 PM | SENT |

# EXHIBIT 6

Filed
5/8/2024 8:53 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Erica Rodriguez

# 2024-36191 / Court: 190

CAUSE NO. 24-DCV-315702

| | | |
|---|---|---|
| DAVID OWEN | § | IN THE JUDICIAL COURT OF |
| and CAROL OWEN, | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| ALLSTATE TEXAS LLOYDS | § | |
| And ELIJAH K. GREEN | § | |
| *Defendants.* | § | 458th DISTRICT COURT |

---

### NOTICE OF HEARING

---

PLEASE TAKE NOTICE that Plaintiffs' Motion to Transfer Venue has been set for hearing before Judge Stuti Patel via WebEx video conference on **Wednesday, June 5, 2023, at 10:00 AM**. The link for the proceeding is below:

https://fortbendcountytx.webex.com/meet/stuti.pateldc458.

Respectfully submitted,

By: */s/ Amanda J. Fulton*

Chad T. Wilson
Bar No. 24079587
Amanda J. Fulton
Bar No. 24077283
**CHAD T. WILSON LAW FIRM PLLC**
455 E. Medical Center Blvd, Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eService to:
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
afulton@cwilsonlaw.com

**ATTORNEYS FOR PLAINTIFF**

ROUTED TO COURT 5/8/2024  ER
RT'D TO D. CLERK   **5/8/24 kc**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing *Plaintiffs' Notice of Hearing* was served on counsel for Defendant in accordance with the Texas Rules of Civil Procedure on this May 8, 2024:

*/s/ Amanda J. Fulton*

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Paul Holroyd on behalf of Amanda Fulton
Bar No. 24077283
pholroyd@cwilsonlaw.com
Envelope ID: 87496893
Filing Code Description: Notice
Filing Description: Notice of Hearing
Status as of 5/8/2024 9:23 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Amanda  Fulton | | afulton@cwilsonlaw.com | 5/8/2024 8:53:54 AM | SENT |
| Chad Wilson | | eservice@cwilsonlaw.com | 5/8/2024 8:53:54 AM | SENT |
| Paul Holroyd | | pholroyd@cwilsonlaw.com | 5/8/2024 8:53:54 AM | SENT |

# EXHIBIT 7

Filed
5/2/2024 1:26 PM
Beverley McGrew Walker
District Clerk
Fort Bend County, Texas
Norma Sosa

# 2024-36191 / Court: 190

CAUSE NO. 24-DCV-315702

| | | |
|---|---|---|
| DAVID OWEN | § | IN THE JUDICIAL COURT OF |
| and CAROL OWEN, | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| ALLSTATE TEXAS LLOYDS | § | |
| And ELIJAH K. GREEN | § | |
| *Defendants.* | § | 458th DISTRICT COURT |

## ORDER ON MOTION TO TRANSFER VENUE

On this date the Court considered the *Motion to Transfer Venue* filed by Plaintiffs David

and Carol Owen, and is of the opinion that the Motion should be GRANTED.

The *Motion to Transfer Venue* is GRANTED, to a court with general jurisdiction, and

transfers the case to a District Court in Harris County.

SIGNED this the _____ day of _____6/5/2024_____, 2024.

_____

PRESIDING JUDGE

6/6/2024

1

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Paul Holroyd on behalf of Amanda Fulton
Bar No. 24077283
pholroyd@cwilsonlaw.com
Envelope ID: 87313928
Filing Code Description: Motion to Transfer
Filing Description: Motion to Transfer Venue
Status as of 5/2/2024 2:13 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Amanda  Fulton | | afulton@cwilsonlaw.com | 5/2/2024 1:26:26 PM | SENT |
| Chad Wilson | | eservice@cwilsonlaw.com | 5/2/2024 1:26:26 PM | SENT |
| Paul Holroyd | | pholroyd@cwilsonlaw.com | 5/2/2024 1:26:26 PM | SENT |

# EXHIBIT 8



# BEVERLEY MCGREW WALKER

### DISTRICT CLERK

Fort Bend County, Texas

June 07, 2024

TO: CHAD T WILSON
ATTORNEY AT LAW
455 EAST MEDICAL CENTER BLVD., STE. 555
WEBSTER, TX 77598

RE:     Cause No. **24-DCV-315702**     **458TH JUDICIAL DISTRICT COURT**

**DAVID OWEN AND CAROL OWEN V. ALLSTATE TEXAS LLOYDS AND ELIJAH K. GREEN**

Dear **CHAD T. WILSON**:

Enclosed please find the Bill of Cost issued to Chad T. Wilson.

**BEVERLEY MCGREW WALKER, DISTRICT CLERK**
**FORT BEND COUNTY, TEXAS**

By:
Deputy District Clerk **Jada Newsome**
Telephone: **(281) 633-7620**

**Physical Address**
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469

Phone: (281) 341-4509
Fax: (281) 341-4519

**Mailing Address**
301 Jackson Street, Room 101
Richmond, Texas 77469



# BEVERLEY MCGREW WALKER
### DISTRICT CLERK
Fort Bend County, Texas

June 07, 2024

**24-DCV-315702**                    **458TH JUDICIAL DISTRICT COURT**

## DAVID OWEN AND CAROL OWEN V. ALLSTATE TEXAS LLOYDS AND ELIJAH K. GREEN

| DESCRIPTION OF FEE | CHARGES | PAYMENTS | CREDITS | BALANCE |
|---|---|---|---|---|
| Copies Fee<br>(TX Gov't Code 51.318 (b) (7) (8)) | $13.00 | $0.00 | $0.00 | $13.00 |
| Clerk's Transfer Certificate & Index<br>(TX Gov't Code 51.318 (b) (9) (a)) | $5.00 | $0.00 | $0.00 | $5.00 |
| Subtotals | $18.00 | $0.00 | $0.00 | $18.00 |
| Total Amount Due: | | | | $18.00 |

**IMPORTANT NOTICE**: Failure to pay court costs within the due date or within 60 days of the date of the cost bill will result in referral to a collection agency.

**BEVERLEY MCGREW WALKER, DISTRICT CLERK**
**FORT BEND COUNTY, TEXAS**

By: _Jada Newsom_
Deputy District Clerk Jada Newsome
Telephone: **(281) 633-7620**

MONEY ORDERS, CASHIERS CHECKS, CHECKS FROM LAW OFFICE ACCOUNTS AND INSURANCE CHECKS ARE ACCEPTED. **PERSONAL AND OUT-OF-STATE CHECKS ARE NOT ACCEPTED.**   PLEASE SHOW STYLE & CASE NUMBER ON YOUR REMITTANCE. MAKE REMITTANCE PAYABLE TO DISTRICT CLERK **BEVERLEY MCGREW WALKER** AND MAIL TO FORT BEND COUNTY DISTRICT CLERK 301 JACKSON STREET, RICHMOND, TEXAS 77406.

**PLEASE NOTE – Personal checks and out-of-state checks will not be accepted.**

**Physical Address**
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas  77469

Phone: (281) 341-4509
Fax: (281) 341-4519

**Mailing Address**
301 Jackson Street, Room 101
Richmond, Texas  77469

# EXHIBIT
# 9

6/7/2024 2:27 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 88572406
By: Adiliani Solis
Filed: 6/7/2024 2:27 PM

# 2024-36191 / Court: 190
## CAUSE NO. 24-DCV-315702

| | | |
|---|---|---|
| David Owen and Carol Owen V. Allstate Texas Lloyds and Elijah K. Green | § | IN THE DISTRICT COURT OF |
| | § | FORT BEND COUNTY, TEXAS |
| | § | 458TH JUDICIAL DISTRICT COURT |

### TRANSFER CERTIFICATE

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF FORT BEND | § |

I, **BEVERLEY MCGREW WALKER**, District Clerk, in and for Fort Bend County, Texas, do hereby certify that the following are true and correct electronic copies of each final order, the order to transfer, bill of costs, and any other documents requested, including previous transfer certificates (if applicable), in the transfer of this cause to **HARRIS** County, Texas:

INDEX

| | File Date | Document |
|---|---|---|
| 1. | 06.07.24 | TRANSFER CERTIFICATE |
| 2. | 06.06.24 | ORDER ON MOTION TO TRANSFER |
| 3. | 04.29.24 | PETITION |
| 4. | 04.29.24 | REQUEST FOR PROCESS |
| 5. | 05.01.24 | CITATION ISSUED |
| 6. | 05.01.24 | CITATION ISSUED |
| 7. | 05.02.24 | MOTION TO TRANSFER |
| 8. | 05.08.24 | NOTICE OF HEARING |
| 9. | 06.07.24 | TRANSFER OUT COST BILL |

GIVEN UNDER MY HAND AND SEAL OF SAID COURT, **on this the 7th day of June, 2024.**

**BEVERLEY MCGREW WALKER, DISTRICT CLERK**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: _Jada Newsom_
Deputy District Clerk, Jada Newsome
Telephone: (281) 633-7620

Unofficial Copy Office of Marilyn Burgess District Clerk

STATEMENT OF RECEIPT

Transfer received from **FORT BEND** County, Texas, Cause No. **24-DCV-315702** and filed into the _____

_____ Court of _____ County, Texas to Cause No. _____

on this the _____ day of _____, 20_____.

_____

District Clerk

_____County, Texas

By: _____

Deputy District Clerk

# EXHIBIT
# 10

6/10/2024 4:06 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 88636695
By: Monica Jackson
Filed: 6/10/2024 12:05 PM

# Marilyn Burgess –Harris County District Clerk

## Request for Issuance of Service

**CASE NUMBER:** 202436191      **CURRENT COURT:** 190th Judicial District Court

Name(s) of Documents to be served: **Plaintiff's Original Petition**

FILE DATE: **June 10, 2024**

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):
Issue Service to:      **Allstate Texas Lloyds**
Address of Service:      **1999 Bryan Street, Suite 900**
City, State & Zip:      **Dallas, Texas 75201**

Agent (if applicable): **CT Corporation System**

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

| | | |
|---|---|---|
| ☒ **Citation** | ☐ **Citation by Posting** | ☐ **Citation by Publication** ☐ **Citations Rule 106 Service** |
| ☐ **Citation Scire Facias** | | **Newspaper**_____ |
| ☐ **Temporary Restraining Order** | ☐ **Precept** | ☐ **Notice** |
| ☐ **Protective Order** | | |
| ☐ **Secretary of State Citation ( $12.00)** | ☐ **Capias (not an E-Issuance)** | ☐ **Attachment** |
| ☐ **Certiorari** | ☐ **Highway Commission ( $12.00)** | |
| ☐ **Commissioner of Insurance ($12.00)** | ☐ **Hague Convention ($16.00)** | ☐ **Garnishment** |
| ☐ **Habeas Corpus** | ☐ **Injunction** | ☐ **Sequestration** |
| ☐ **Subpoena** | | |
| ☐ **Other (Please Describe)**_____ | | |

**(See additional Forms for Post Judgment Service)**

SERVICE BY *(check one)*:
☐ **ATTORNEY PICK-UP (phone)** _____    ☐ **CONSTABLE**
☐ **MAIL to attorney** at:_____

☐ **CERTIFIED MAIL by District Clerk**    ☒ **E-Issuance by District Clerk** (No Service Copy Fees Charged)
     **(Note:) CAPIAS is not an E-Issuance Option**
☐ **CIVIL PROCESS SERVER - Authorized Person to Pick-up: LDM Process Service**
     **Phone: (469) 291-5005**

☒ **OTHER**, pholroyd@cwilsonlaw.com

Issuance of Service Requested By: Attorney/Party Name: **Chad T. Wilson Law Firm, PLLC**
Bar # or ID: **24079587**
Mailing Address: **455 East Medical Center, Suite 555, Webster, Texas 77598**
Phone Number: **832-415-1432**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Paul Holroyd on behalf of Amanda Fulton
Bar No. 24077283
pholroyd@cwilsonlaw.com
Envelope ID: 88636695
Filing Code Description: Request
Filing Description: Request for Process
Status as of 6/10/2024 4:33 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Chad T. Wilson | | eservice@cwilsonlaw.com | 6/10/2024 4:06:44 PM | SENT |
| Amanda Fulton | | afulton@cwilsonlaw.com | 6/10/2024 4:06:44 PM | SENT |
| Paul Holroyd | | pholroyd@cwilsonlaw.com | 6/10/2024 4:06:44 PM | SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk

6/10/2024 4:06 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 88636695
By: Monica Jackson
Filed: 6/10/2024 12:05 PM

# Marilyn Burgess –Harris County District Clerk

### Request for Issuance of Service

**CASE NUMBER:** 202436191    **CURRENT COURT:** 190th Judicial District Court

Name(s) of Documents to be served: **Plaintiff's Original Petition**

FILE DATE: **June 10, 2024**

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):
Issue Service to:        **Elijah K. Green**
Address of Service:     **1613 Homedale Drive, Apt 1904**
City, State & Zip:        **Fort Worth, Texas 76112**

Agent (if applicable):

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

- ☒ **Citation**    ☐ **Citation by Posting**    ☐ **Citation by Publication**    ☐ **Citations Rule 106 Service**
- ☐ **Citation Scire Facias**             **Newspaper**_____
- ☐ **Temporary Restraining Order**    ☐ **Precept**             ☐ **Notice**
- ☐ **Protective Order**
- ☐ **Secretary of State Citation ( $12.00)**    ☐ **Capias (not an E-Issuance)**    ☐ **Attachment**
- ☐ **Certiorari**             ☐ **Highway Commission ( $12.00)**
- ☐ **Commissioner of Insurance ($12.00)**    ☐ **Hague Convention ($16.00)**    ☐ **Garnishment**
- ☐ **Habeas Corpus**             ☐ **Injunction**    ☐ **Sequestration**
- ☐ **Subpoena**
- ☐ **Other (Please Describe)**_____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
- ☐ **ATTORNEY PICK-UP (phone)** _____    ☐ **CONSTABLE**
- ☐ **MAIL to attorney    at:**_____
- ☐ **CERTIFIED MAIL by District Clerk**    ☒ **E-Issuance by District Clerk** (No Service Copy Fees Charged)
             (Note:) **CAPIAS is not an E-Issuance Option**
- ☐ **CIVIL PROCESS SERVER - Authorized Person to Pick-up: LDM Process Service**
             **Phone: (469) 291-5005**

- ☒ **OTHER**, pholroyd@cwilsonlaw.com

Issuance of Service Requested By: Attorney/Party Name: **Chad T. Wilson Law Firm, PLLC**
Bar # or ID: **24079587**
Mailing Address: **455 East Medical Center, Suite 555, Webster, Texas 77598**
Phone Number: **832-415-1432**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Paul Holroyd on behalf of Amanda Fulton
Bar No. 24077283
pholroyd@cwilsonlaw.com
Envelope ID: 88636695
Filing Code Description: Request
Filing Description: Request for Process
Status as of 6/10/2024 4:33 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Chad T. Wilson | | eservice@cwilsonlaw.com | 6/10/2024 4:06:44 PM | SENT |
| Amanda Fulton | | afulton@cwilsonlaw.com | 6/10/2024 4:06:44 PM | SENT |
| Paul Holroyd | | pholroyd@cwilsonlaw.com | 6/10/2024 4:06:44 PM | SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk

# EXHIBIT 11

6/19/2024 3:10 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 88974746
By: Tammy Tolman
Filed: 6/20/2024 12:00 AM

Receipt Number: 1034225
Tracking Number: 74334023   EML

**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 202436191

| | |
|---|---|
| PLAINTIFF: OWEN, DAVID | In the 190th Judicial |
| vs. | District Court of |
| DEFENDANT: ALLSTATE TEXAS LLOYDS | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: ALLSTATE TEXAS LLOYDS MAY BE SERVED BY SERVING ITS REGISTERED AGENT CT
CORPORATION SYSTEM

1999 BRYAN ST STE 900

DALLAS TX 75201

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on June 7, 2024, in the above numbered and styled cause on
the docket in the above Judicial District Court of Harris County, Texas, in the
courthouse in the City of Houston, Texas. The instrument attached describes the claim
against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not
file a written answer with the District Clerk who issued this citation by 10:00 a.m.
on the Monday next following the expiration of twenty days after you were served this
citation and petition, a default judgment may be taken against you. In addition to
filing a written answer with the clerk, you may be required to make initial
disclosures to the other parties of this suit. These disclosures generally must be
made no later than 30 days after you file your answer with the clerk. Find out more
at TexasLawHelp.org.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this
June 10, 2024.



Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: MONICA JACKSON

Issued at request of:
Wilson, Chad T
455 EAST MEDICAL CENTER BLVD SUITE 555
WEBSTER, TX  77598-0000
832-415-1432
Bar Number: 24079587

Tracking Number: 74334023   EML

CAUSE NUMBER: 202436191

PLAINTIFF: OWEN, DAVID

In the 190th

vs.

Judicial District Court

DEFENDANT: ALLSTATE TEXAS LLOYDS

Harris County, Texas

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 9:00 o'clock A M., on the 13 day of June , 20 ,

Executed at (address) 1999 Bryan St, Ste 900 Dallas TX 75201

in Dallas County

at 1:15 o'clock P . M., on the 13 day of June , 20 24 ,

by delivering to Allstate Texas Lloyds defendant,

in person, a true copy of this

Citation, together, with the accompanying 1 copy(ies) of the

Plaintiff's Original Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this 13 day of

June , 20 24 .

FEE: $ 80                            Innocent Psc 22083 Exp 2/28/25

                                     _____ of

County, Texas

_____       By: _____

        Affiant                          Deputy

On this day, Innocent Anny , known to me to be

the person whose signature

appears on the foregoing return, personally appeared. After being by me duly sworn,

he/she stated that this citation was executed by him/her in the exact manner recited

on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this 14 of

June , 20 24 .

_____
                                              Notary Public

CARRIE MICHELLE DEAN
Notary Public, State of Texas
Comm. Expires 02-01-2026
Notary ID 133563213

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 88974746
Filing Code Description: No Fee Documents
Filing Description: ROS ALLSTATE TEXAS LLOYDS
Status as of 6/20/2024 9:04 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Chad T. Wilson | | eservice@cwilsonlaw.com | 6/19/2024 3:10:12 PM | SENT |
| Paul Holroyd | | pholroyd@cwilsonlaw.com | 6/19/2024 3:10:12 PM | SENT |
| Amanda Fulton | | afulton@cwilsonlaw.com | 6/19/2024 3:10:12 PM | SENT |

# EXHIBIT 12

7/1/2024 12:52 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 89369880
By: Chandra Lawson
Filed: 7/1/2024 12:52 PM

## NO. 2024-36191

| | | |
|---|---|---|
| **DAVID OWEN AND CAROL OWEN** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | |
| | § | **190TH JUDICIAL DISTRICT** |
| | § | |
| **ALLSTATE TEXAS LLOYDS AND** | § | |
| **ELIJAH K. GREEN** | § | **HARRIS COUNTY, TEXAS** |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ALLSTATE TEXAS LLOYDS, Defendant in the above styled and numbered cause of action, and in response to the complaints filed against it, would respectfully show unto this Honorable Court and Jury as follows:

### I.

### GENERAL DENIAL

At this time, Defendant asserts a general denial to Plaintiffs' Original Petition and all amended and/or supplemental petitions, as authorized by Rule 92, Texas Rules of Civil Procedure, and respectfully requests the Court and jury to require Plaintiffs to prove the claims, charges and allegations, by a preponderance of the evidence, as required by the Constitution and the laws of the State of Texas.

### II.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by policy exclusions and/or limitations which are listed in the policy made the basis of this suit.

1

## III.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because conditions precedent to Plaintiffs' recovery have not occurred. For example, and without limitation, Plaintiffs failed to provide proper written notice prior to suit as required by Section 541 of the Texas Insurance Code and by ' 17.50(a) of the Texas Business and Commerce Code (Texas DTPA).

## IV.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because some or all of Plaintiffs' claims are excluded by the applicable insurance policy.

## V.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the injuries, damages, and losses alleged in Plaintiffs' pleadings, none being admitted, were proximately caused in whole or in part by the fault or negligence of Plaintiffs or others. Accordingly, Plaintiffs' claims are barred or must be reduced under the doctrine of contributory or comparative fault.

## VI.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to cooperate in the handling of their claim, as required by the policy.

## VII.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages is barred because such an award would violate

Defendant's due process, equal protection, and other rights under the United States Constitution and the Constitution of the State of Texas.

## VIII.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law.

## IX.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including without limitation the requirement of ' 33.003 thereof that the trier of fact determine the relative responsibility of each claimant, defendant, and responsible third party that may be joined in this suit.

## X.

## NINTH AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this answer.

## XI.

## TENTH AFFIRMATIVE DEFENSE

Defendant asserts the limitations and restrictions contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

COMES NOW, Defendant and formally requests a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the jury fee.

## REQUEST FOR DISCLOSURE

Under Texas Rules of Civil Procedure 190 and 194 Defendant requests Plaintiffs' disclosure, within thirty (30) days from the date this request is served, the information or materials described in Rule 190.2(b)(6) and 194.2.

WHEREFORE, PREMISES CONSIDERED, Defendant, ALLSTATE TEXAS LLOYDS, prays that the Plaintiffs recover nothing of and from the Defendant by reason of this suit, that Defendant be discharged without delay, with costs of court, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled, and for which Defendant will in duty bound, forever pray.

Respectfully submitted,

HOPE & CAUSEY, P. C.

*/s/ Wesley R. Ward*
Wesley R. Ward
State Bar No. 24008235
P. O. Box 3188
Conroe, Texas 77305-3188
(936) 441-4673 - Metro
(936) 441-4674 - Facsimile
hcdocket@hope-causey.com

**ATTORNEYS FOR DEFENDANT**

Please be advised that the ***only*** valid email address for service of all documents in all matters handled by this firm is hcdocket@hope-causey.com.

4

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the original of Defendant's Original Answer has been filed with the clerk of the court in writing, and a true and correct copy of Defendant's Original Answer has been delivered to all interested parties on 1st day of July, 2024, correctly addressed to:

Chad T. Wilson
Amanda J. Fulton
CHAD T. WILSON LAW FIRM PLLC
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
**ATTORNEY FOR PLAINTIFFS**

*/s/ Wesley R. Ward*
Wesley R. Ward

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

John Causey on behalf of Wesley Ward
Bar No. 24008235
hcdocket@hope-causey.com
Envelope ID: 89369880
Filing Code Description: Answer/ Response / Waiver
Filing Description: Defendant's Original Answer
Status as of 7/1/2024 1:02 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Chad T. Wilson | | eservice@cwilsonlaw.com | 7/1/2024 12:52:46 PM | SENT |
| Paul Holroyd | | pholroyd@cwilsonlaw.com | 7/1/2024 12:52:46 PM | SENT |
| Amanda Fulton | | afulton@cwilsonlaw.com | 7/1/2024 12:52:46 PM | SENT |
| Jaclyn Martin | | jaclyn@Hope-Causey.com | 7/1/2024 12:52:46 PM | SENT |
| Wesley R.Ward | | HCdocket@hope-causey.com | 7/1/2024 12:52:46 PM | SENT |

# EXHIBIT 13

Case No. 202436191                                                      **DCORX**

OWEN, DAVID                                    *                IN THE DISTRICT COURT OF
vs.                                            *                HARRIS COUNTY, TEXAS
                                               *
ALLSTATE TEXAS LLOYDS                          *                190th JUDICIAL DISTRICT
                                               *

## SCHEDULING AND DOCKET CONTROL ORDER

The Court enters the following Order to control the schedule of this case. Unless otherwise specified, the following items must be completed by the dates listed below. If no date is listed the item is governed by the Texas Rules of Civil Procedure.

**1. 1/6/2025**    **JOINDER.**  All parties must be added and served, whether by amendment or third-party practice. The party causing the joinder must provide a copy of this Scheduling and Docket Control Order at the time of service to the joined party.

**2.**             **EXPERT WITNESS DESIGNATION.**   Parties must designate expert witnesses and furnish the information set forth under Rule 194.2(f) as follows:

**(a) 4/7/2025**   Experts for parties seeking affirmative relief.
**(b) 5/7/2025**   All other experts.

**3.**             **MEDIATION.**  Parties must complete mediation. The parties' failure to mediate will not be grounds for continuance of trial.

**4. 6/6/2025**    **DISCOVERY.**  Parties must complete all discovery. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period so that the deadline for responding will be within the discovery period.

**5.**             **DISPOSITIVE MOTIONS.**  Parties must set for hearing all motions or pleas, that if granted by the Court would dispose of all or part of the case, as follows:

**(a)**            No-evidence motions for summary judgment may only be heard after this date.
**(b) 6/6/2025**   All dispositive motions or pleas must be heard.

**6. 6/6/2025**    **CHALLENGES TO EXPERT TESTIMONY.**   All motions to exclude expert testimony must be heard. This Order does not include exclusion based on Rule 193.6.

**7. 6/6/2025**    **PLEADINGS.**  Parties must file all amendments and supplements to pleadings. This Order does not preclude the prompt filing of pleadings directly responsive to any timely filed pleadings.

**8.**             **DOCKET CALL.**  Parties must be prepared to discuss all aspects of trial with the Court at TIME. Failure to appear will be grounds for dismissal for want of prosecution.

**9. 7/7/2025**    **TRIAL.**  This case is set for trial on this date. If not assigned by the second Friday following this date, the case will be reset.

SIGNED

ELIJAH K GREEN                                          **BEAU MILLER**
                              4                         **JUDGE, 190TH DISTRICT COURT**
                                                        **Date Generated: 7/2/2024**          JCVO02

Case No. 202436191                                                    **DCORX**

OWEN, DAVID                                    *          IN THE DISTRICT COURT OF

vs.                                            *          HARRIS COUNTY, TEXAS

ALLSTATE TEXAS LLOYDS                          *          190th JUDICIAL DISTRICT
                                               *

## SCHEDULING AND DOCKET CONTROL ORDER

      The Court enters the following Order to control the schedule of this case. Unless otherwise specified, the following items must be completed by the dates listed below. If no date is listed the item is governed by the Texas Rules of Civil Procedure.

**1. 1/6/2025**     **JOINDER.**  All parties must be added and served, whether by amendment or third-party practice. The party causing the joinder must provide a copy of this Scheduling and Docket Control Order at the time of service to the joined party.

**2.**     **EXPERT WITNESS DESIGNATION.**   Parties must designate expert witnesses and furnish the information set forth under Rule 194.2(f) as follows:

**(a) 4/7/2025**    Experts for parties seeking affirmative relief.
**(b) 5/7/2025**    All other experts.

**3.**     **MEDIATION.**  Parties must complete mediation. The parties' failure to mediate will not be grounds for continuance of trial.

**4. 6/6/2025**     **DISCOVERY.**  Parties must complete all discovery. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period so that the deadline for responding will be within the discovery period.

**5.**     **DISPOSITIVE MOTIONS.**  Parties must set for hearing all motions or pleas, that if granted by the Court would dispose of all or part of the case, as follows:

**(a)**     No-evidence motions for summary judgment may only be heard after this date.
**(b) 6/6/2025**   All dispositive motions or pleas must be heard.

**6. 6/6/2025**    **CHALLENGES TO EXPERT TESTIMONY.**   All motions to exclude expert testimony must be heard. This Order does not include exclusion based on Rule 193.6.

**7. 6/6/2025**    **PLEADINGS.**  Parties must file all amendments and supplements to pleadings. This Order does not preclude the prompt filing of pleadings directly responsive to any timely filed pleadings.

**8.**     **DOCKET CALL.**  Parties must be prepared to discuss all aspects of trial with the Court at TIME. Failure to appear will be grounds for dismissal for want of prosecution.

**9. 7/7/2025**    **TRIAL.**  This case is set for trial on this date. If not assigned by the second Friday following this date, the case will be reset.

SIGNED

WESLEY RALPH WARD                                         **BEAU MILLER**
PO BOX 3188                          24008235            **JUDGE, 190TH DISTRICT COURT**
CONROE, TX 77305                                         **Date Generated: 7/2/2024**          JCVO02

Case No. 202436191                                                      **DCORX**

| | | |
|---|---|---|
| OWEN, DAVID | * | IN THE DISTRICT COURT OF |
| vs. | * | HARRIS COUNTY, TEXAS |
| ALLSTATE TEXAS LLOYDS | * | 190th JUDICIAL DISTRICT |

## SCHEDULING AND DOCKET CONTROL ORDER

      The Court enters the following Order to control the schedule of this case. Unless otherwise specified, the following items must be completed by the dates listed below. If no date is listed the item is governed by the Texas Rules of Civil Procedure.

**1. 1/6/2025**     **JOINDER.** All parties must be added and served, whether by amendment or third-party practice. The party causing the joinder must provide a copy of this Scheduling and Docket Control Order at the time of service to the joined party.

**2.**     **EXPERT WITNESS DESIGNATION.** Parties must designate expert witnesses and furnish the information set forth under Rule 194.2(f) as follows:

**(a) 4/7/2025**     Experts for parties seeking affirmative relief.
**(b) 5/7/2025**     All other experts.

**3.**     **MEDIATION.** Parties must complete mediation. The parties' failure to mediate will not be grounds for continuance of trial.

**4. 6/6/2025**     **DISCOVERY.** Parties must complete all discovery. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period so that the deadline for responding will be within the discovery period.

**5.**     **DISPOSITIVE MOTIONS.** Parties must set for hearing all motions or pleas, that if granted by the Court would dispose of all or part of the case, as follows:

**(a)**     No-evidence motions for summary judgment may only be heard after this date.
**(b) 6/6/2025**     All dispositive motions or pleas must be heard.

**6. 6/6/2025**     **CHALLENGES TO EXPERT TESTIMONY.** All motions to exclude expert testimony must be heard. This Order does not include exclusion based on Rule 193.6.

**7. 6/6/2025**     **PLEADINGS.** Parties must file all amendments and supplements to pleadings. This Order does not preclude the prompt filing of pleadings directly responsive to any timely filed pleadings.

**8.**     **DOCKET CALL.** Parties must be prepared to discuss all aspects of trial with the Court at TIME. Failure to appear will be grounds for dismissal for want of prosecution.

**9. 7/7/2025**     **TRIAL.** This case is set for trial on this date. If not assigned by the second Friday following this date, the case will be reset.

SIGNED

CHAD TROY WILSON
455 EAST MEDICAL CENTER BLVD SUITE 555   24079587
WEBSTER, TX 77598-0000

**BEAU MILLER**
**JUDGE, 190TH DISTRICT COURT**
**Date Generated: 7/2/2024**

JCVO02

# EXHIBIT 14

Receipt Number: 1034223
Tracking Number: 74334024   EML

**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 202436191

| | |
|---|---|
| PLAINTIFF: OWEN, DAVID | In the 190th Judicial |
| vs. | District Court of |
| DEFENDANT: ALLSTATE TEXAS LLOYDS | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: GREEN, ELIJAH K

1613 HOMEDALE DRIVE APT 1904

FORT WORTH TX 76112

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on June 7, 2024, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this June 10, 2024.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: MONICA JACKSON

Issued at request of:
Wilson, Chad T
455 EAST MEDICAL CENTER BLVD SUITE 555
WEBSTER, TX  77598-0000
832-415-1432
Bar Number: 24079587

Tracking Number: 74334024    EML

CAUSE NUMBER: 202436191

PLAINTIFF: OWEN, DAVID                           In the 190th

    vs.                                          Judicial District Court

DEFENDANT: ALLSTATE TEXAS LLOYDS                 of Harris County, Texas

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _12_ o'clock _P_ M., on the _14_ day of _June_, 20 _24_

Executed at (address) _3038 Flask Dr, Dallas TX 75241_ in _Dallas_ County at _11:25_ o'clock _A_ M., on the _25_ day of _June_, 20 _24_, by delivering to _Elijah K. Green_ defendant, in person, a true copy of this Citation together with the accompanying _1_ copy(ies) of the _Plaintiff's Original_ Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _25_ day of _June_, 20 ___.

FEE: $ _80_                          _Innocent Psc 2205?? Exp 2/28/25_

                                        _____ of _____

County, Texas

                                By: _____

_____                              _____
      Affiant                                    Deputy

On this day, _Innocent Anike_ , known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _26_ of _____, 20 _24_

_Carrie M. Dean_
                        Notary Public



CARRIE MICHELLE DEAN
Notary Public, State of Texas
Comm. Expires 02-01-2026
Notary ID 133563213

# EXHIBIT 15

# HOPE & CAUSEY, P.C.

### Attorneys At Law

| | |
|---|---|
| 1040 Heights Blvd | Phone (936) 441-HOPE |
| Houston, Texas, 77008 | Fax (936) 441-4674 |

July 9, 2024

*VIA EService*

Chad T. Wilson
Amanda J. Fulton
CHAD T. WILSON LAW FIRM PLLC
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598

**RE:** *Cause No. 2024-36191; David Owen and Carol Owen vs. Allstate Texas Lloyds and Elijah K. Green; In the 190th Judicial District Court of Harris County, Texas.*

Greetings Counselors:

This letter serves as Defendant Allstate Vehicle and Property Insurance Company's formal election pursuant to Section 542A.006(c) of the Texas Insurance Code that Allstate accepts whatever liability Elijah K. Green might have to your client for Mr. Green's acts or omissions related to the insurance claim at issue in the above referenced lawsuit.

Sincerely,

**HOPE & CAUSEY, P.C**.

*Wesley R. Ward*

Wesley R. Ward